## Case No. 8,456.

### In re LODER.

[4 Ben. 125;¹ 3 N. B. R. 655 (Quarto, 162).]

District Court, S. D. New York.    April, 1870.

PROOF OF DEBT—PROMISSORY NOTE.

1. A proof of debt, founded on a promissory note, is defective if it does not set forth the consideration of the note, and whether any payments have been made on it.

[Cited in Re De Metz, Case No. 3,781.]

2. The register, to whom a proceeding in bankruptcy has been referred, is not bound to file a deposition for proof of debt, taken and certified to before another register, which does not appear to him to be in conformity with law; but, if an issue of law or fact arises thereupon, he should adjourn it into court, under section 4 of the bankruptcy act [of 1867 (14 Stat. 519)].

[In the matter of Benjamin H. Loder, a bankrupt. For prior proceedings, see Case No. 8,455.]

In this case, the register certified two questions to the court. A deposition for a proof of debt was transmitted to him by another register. The debt was a promissory note, but the consideration of the note was not stated in the deposition, nor was it stated whether any, and, if any, what payments on it had been made. The register considered the deposition defective, and returned it for amendment. The creditor claimed that the register was bound to receive the deposition and file it, of course, and he also insisted that the deposition was sufficient, under the 22d section of the bankruptcy act. The register thereupon certified to the court the two following questions: (1) Was the deposition sufficient, without setting forth the consideration of the note, and without stating whether any, and, if any, what payments on it had been made? (2) Is the register, to whom the matter has been referred, bound to receive and file a deposition for proof of debt, taken and certified before another register, whether the same shall appear to him to be in conformity with the law or otherwise?

---

¹ [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

By the Register:

[I, Edgar Ketchum, one of the registers of said court in bankruptcy, do hereby certify, that in the course of proceedings in said cause before me, the following questions arose pertinent to the said proceedings: The bankrupt filed his petition in this court on the 27th of January, 1870. On the 19th of April, instant, four depositions for proof of debt, by Charles McMonagle, against the bankrupt's estate, were transmitted to me by another register. The debt in each was alleged upon a promissory note of Benjamin Loder, payable to the order of the firm of Loder Brothers & Co., of which the bankrupt was a member, and indorsed by them, which, upon the maturity thereof, on the 4th of January, 1870, was presented for payment, which payment was refused, whereof the bankrupt's firm had due notice. The consideration was not stated, nor was it stated whether any and what payments had been made, wherefore I considered them defective and returned them for amendment. It was thereupon claimed, on behalf of the creditor, that the register who took the proof had certified their sufficiency, and that the register in charge of the matter could not review or reject, but must receive and file them of course. It was also insisted that the depositions were sufficient and fully met the requirements of the 23d section of the act.]2

BLATCHFORD, District Judge. The first question is answered in the negative.

The second question is answered in the negative. The register, acting as the court, is, under section 22, to reject all claims not duly proved, but, if an issue of law or of fact is raised and contested thereon by any party to the proceedings, the course prescribed by section 4, in regard to adjourning the question into court for decision by the judge, must be pursued.

[Other questions arising in these proceedings were decided in Cases Nos. 8,457–8,459.]